Lawrence B. Steinberg (State Bar No. 101966)
  *LSteinberg@buchalter.com*
Alexandra Grayner (State Bar No. 290591)
  *AGrayner@buchalter.com*
BUCHALTER, A Professional Corporation
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Telephone: (415) 227-0900
Facsimile: (415) 227-0770

Pressly M. Millen (*pro hac vice* application forthcoming)
  *Press.Millen@wbd-us.com*
Jonathon D. Townsend (CA State Bar No. 293918)
  *Jonathon.Townsend@wbd-us.com*
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-2100
Facsimile: (919) 755-2150

*Attorneys for Defendants Market America, Inc., Market America Worldwide, Inc., Shop Ma, Inc., James Howard Ridinger, Loren Ridinger, Marc Ashley, Marty Weissman, Dennis Franks, Joe Bolyard, Anthony Akers, Eddy Alberty, Steve Ashley, Michael Brady, Kevin Buckman, Peter Gold, Vince Hunt, Chris Peddycord, Brandi Quinn, Sam Ritchie, Eugene Wallace, and Jim Winkler*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JINHUA ZOU, an individual, YU XIA LU, an individual, CHUANJIE YANG, an individual; OLLIE LAN aka RUONING LAN, an individual; LIU LIU, an individual, and all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MARKET AMERICA, INC., a North Carolina Corporation, *et al.*,<br><br>Defendants. | Case No. CV 5:19-cv-01282-LHK<br><br>NOTICE OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER TO THE MIDDLE DISTRICT OF NORTH CAROLINA, OR IN THE ALTERNATIVE, TO STAY ACTION PENDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: June 13, 2019<br>Time: 1:30 P.M.<br>Judge: Hon. Lucy H. Koh<br>Courtroom: 8 |

1

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY PENDING ARBITRATION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Thursday, June 13, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Lucy H. Koh of the above-entitled United States District Court, located at 280 South First Street, San Jose, California 95113, Defendants Market America, Inc., Market America Worldwide, Inc., Shop Ma, Inc., James Howard Ridinger, Loren Ridinger, Marc Ashley, Marty Weissman, Dennis Franks, Joe Bolyard, Anthony Akers, Eddy Alberty, Steve Ashley, Michael Brady, Kevin Buckman, Peter Gold, Vince Hunt, Chris Peddycord, Brandi Quinn, Sam Ritchie, Eugene Wallace, and Jim Winkler (hereinafter, "Defendants") will, and hereby do, move the Court for an order dismissing this action pursuant to principle of federal comity established in the "first-to-file" rule. In the alternative, Defendants move to transfer this action to the Middle District of North Carolina under (i) the first-to-file rule, or (ii) as required by the parties' agreed upon arbitration and forum selection provision, pursuant to 28 U.S.C. § 1404(a) and the United States Supreme Court's holding in *Atlantic Marine Construction Company v. U.S. District Court for Western District of Texas*, 571 U.S. 49, 62 (2013). In the next alternative, Defendants move to stay the action pursuant to Federal Arbitration Act, 9 U.S.C. § 3.

This Motion is based on this Notice, the Memorandum of Points and Authorities, Defendants' Request for Judicial Notice, the Declaration of Pressly M. Millen attaching the Declarations of Eugene Wallace and Clement D. Erhardt, all other documents in the Court's file, and on such other arguments as may be presented to the Court at the hearing.

Respectfully submitted this 6th day of May, 2019.

WOMBLE BOND DICKINSON (US) LLP

BUCHALTER
A Professional Corporation

By:

/s/ Lawrence B. Steinberg
―――――――――――――――
LAWRENCE B. STEINBERG

*Attorneys for Defendants Market America, Inc., Market America Worldwide, Inc., Shop Ma, Inc., James Howard Ridinger, Loren Ridinger, Marc Ashley, Marty Weissman, Dennis Franks, Joe Bolyard, Anthony Akers, Eddy Alberty, Steve Ashley, Michael Brady, Kevin Buckman, Peter Gold, Vince Hunt, Chris Peddycord, Brandi Quinn, Sam Ritchie, Eugene Wallace, and Jim Winkler*

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION AND PROCEDURAL BACKGROUND ........................ 1
II. STATEMENT OF FACTS ............................................................................ 3
    A. THIS ACTION IS A REHASH OF THE CD CAL. ACTION. ............... 3
    B. ALL MARKET AMERICA DISTRIBUTORS, INCLUDING PLAINTIFFS, AGREED TO ARBITRATION IN NORTH CAROLINA. .................................................................................... 4
III. ARGUMENT ............................................................................................... 6
    A. THIS ACTION SHOULD BE DISMISSED UNDER THE "FIRST-TO-FILE" RULE. ............................................................................................ 6
    B. ALTERNATIVELY, THIS ACTION SHOULD BE TRANSFERRED. .. 9
    C. IN THE ALTERNATIVE, THE COURT SHOULD STAY PROCEEDINGS PENDING THE CONCLUSION OF ARBITRATION PROCEEDINGS. ...................................................... 12
IV. CONCLUSION ......................................................................................... 13

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 36332296v2

i

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY PENDING ARBITRATION

Case 1:19-cv-00954-UA-JEP Document 11 Filed 05/06/19 Page 4 of 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allied Bruce Terminix Cos. v. Dobson*,
513 U.S. 265 (1995) ...................................................................................................... 10

*Alltrade Inc. v. Uniweld Products, Inc.*,
946 F.2d 622 (9th Cir. 1991) .......................................................................................... 7

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011) ...................................................................................................... 10

*Atlantic Marine Construction Company v. U.S. District Court for Western District of Texas*,
571 U.S. 49, 62 (2013) ......................................................................................... 2, 10, 11

*Church of Scientology v. United States Dep't of the Army*,
611 F.2d 738 (9th Cir.1979) ........................................................................................... 7

*Colorado River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976) ........................................................................................................ 7

*Kerotest Manf'g Co. v. C-O-Two Fire Equip. Co.*,
342 U.S. 180 (1952) ........................................................................................................ 7

*Knepper v. Ogletree, Deakins, Nash, Smoak & Steward, P.C.*,
No. 18-cv00303-WHO, 2019 WL 144585 (N.D. Cal. Jan. 9, 2019) ............................ 11

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
858 F.2d 509 (9th Cir. 1988) ........................................................................................ 11

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) .......................................................................................................... 10

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
678 F.2d 93 (9th Cir.1982) ......................................................................................... 6, 7

*Pacific States Industries Incorporated v. American Zurich Insurance Company*, No. 18-CV-04064-LHK, 2018 WL 6106383 (N.D. Cal. Nov. 21, 2018) .................... 12

*Pedro v. Millennium Products, Inc.*,
No. 15-cv-05253-MMC, 2016 WL 3029681 (N.D. Cal. May 27, 2016) .................. 8, 9

*Ponomarenko v. Shapiro*,
287 F.Supp.3d 816 (N.D. Cal. 2018) ............................................................................ 11

*Prime Healthcare Services, Inc. v. Service Employees Int'l Union*,
No. 14-CV-3831 YGR, 2014 WL 5422631 (N.D. Cal. Oct. 24, 2014) ......................... 8

*Red v. Unilever United States, Inc.*,
No. 09-07855 MMM, 2010 WL 11515197 (C.D. Cal. Jan. 25, 2010) .......................... 9

*Scherk v. Alberto-Culver Co.*,
417 U.S. 506 (1974) ...................................................................................................... 10

*The Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1 (1972) .......................................................................................................... 11

*Tompkins v. 23andMe, Inc.*,
840 F.3d 1016 (9th Cir. 2016) ...................................................................................... 10

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 36332296v2

*Wallerstein v. Dole Fresh Vegetables, Inc.*,
  967 F.Supp.2d 1289 (N.D. Cal. 2013) ..................................................................8

**Statutes**
California Business and Professions Code § 17200, *et seq.* ......................................4
California Business and Professions Code § 17500 ...................................................4

**Other Authorities**
9 U.S.C. § 3 ..........................................................................................................2, 12
28 U.S.C. § 1404 ...............................................................................................2, 9, 10
18 U.S.C. § 1962 ........................................................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Market America, Inc., Market America Worldwide, Inc., Shop Ma, Inc., James Howard Ridinger, Loren Ridinger, Marc Ashley, Marty Weissman, Dennis Franks, Joe Bolyard, Anthony Akers, Eddy Alberty, Steve Ashley, Michael Brady, Kevin Buckman, Peter Gold, Vince Hunt, Chris Peddycord, Brandi Quinn, Sam Ritchie, Eugene Wallace, and Jim Winkler (collectively, "Defendants") submit this memorandum of points and authorities in support of their motion to dismiss, or, in the alternative, to transfer venue to the Middle District of North Carolina or, to stay the proceedings pending arbitration.

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

This case, as more fully described below, has a complicated—even tortured—procedural history involving three other cases, one filed in the Central District of California and two filed in the Middle District of North Carolina.

On May 30, 2017, two of the Plaintiffs in this action Chuanjie Yang ("Yang") and Ollie Lan ("Lan"), filed a putative class action in the Central District of California against five of the Defendants in this case (Market America, Inc., Market America Worldwide, Inc., James Howard Ridinger, Loren Ridinger, and Marc Ashley) in a matter styled *Yang, et al. v. Market America, Inc., et al.*, No. 2:17-cv-04012-GW (JEMx) (U.S.D.C., C.D. Cal.) (the "CD Cal. Action"). On July 20, 2017, Plaintiffs in the CD Cal. Action filed an amended complaint that added a third plaintiff (LIU LIU) who is also a Plaintiff here. (Request for Judicial Notice ("RJN"), Ex. A.) As described more fully below, the CD Cal. Action is largely identical to this action.

On August 3, 2017, defendants in the CD Cal. Action filed a motion seeking to compel arbitration, or alternatively to transfer, dismiss or stay the case. (RJN, Ex. B.) At a hearing on September 28, 2017, the court took that motion under submission after providing the parties with a tentative ruling which considers the issue of the Court's authority under pertinent Ninth Circuit precedent (*Continental*

1

DEFENDANTS' MOTION TO DISMISS OR TRANSFER OR STAY PENDING ARBITRATION

Buchalter
A Professional Corporation
San Francisco
BN 36332296v2

*Grain Co. v. Dant & Russell*, 118 F.2d 967 (9th Cir. 1941)) to order arbitration outside of the Court's judicial district. (RJN, Ex. C.)

At the suggestion of the court in the CD Cal. Action,[1] defendants in that case filed, on October 5, 2017, a Petition for Order Compelling Arbitration in the United States District Court for the Middle District of North Carolina in an action styled *Market America, Inc., et al. v. Yang, et al.*, No. 1:17-cv-897 (U.S.D.C., M.D.N.C.) (the "MDNC Petition"). (RJN, Ex. D).

In North Carolina, on December 18, 2017, the plaintiffs from the CD Cal. Action (denominated as "respondents" in the MDNC Petition) filed in a Motion To Dismiss For Failure To State A Claim, Or In The Alternative, To Transfer Petition To The Central District of California. (RJN, Ex. E.) On July 12, 2018, the North Carolina district court issued an Order and Memorandum Opinion denying Respondents' Motions to Dismiss or Transfer. (RJN, Ex. F.) Thereafter, on April 10, 2019, the North Carolina court issued an Order compelling the dispute in the CD Cal. Action to arbitration. (RJN, Ex. G.)

Just before the North Carolina court ruled, the plaintiffs in the CD Cal. Action (plus two additional named plaintiffs, but on behalf of an identically described putative class) filed this action on March 8, 2019. Twelve days later, on March 20, 2019, Defendants filed a second petition in the Middle District of North Carolina seeking to compel this matter to arbitration, *Market America, Inc., et al. v. Zou, et al.*, No 1:19-cv-315 (U.S.D.C., M.D.N.C.) (the "Second MDNC Petition") (RJN, Ex. H).

Even more recently, on April 29, 2019, Judge Wu indicated, by Civil Minutes – General, that the C.D. Cal. Action would be transferred to the Middle District of North Carolina. (RJN, Ex. I.)

---

[1] *See* RJN, Ex. C at p. 5, n. 5.

## II. STATEMENT OF FACTS

Market America is a product brokerage company. (Declaration of Pressly M. Millen ("Millen Decl."), Ex. 1 (Declaration of Eugene Wallace ("Wallace Decl.") ¶ 2)); Millen Decl., Ex. 2 (Declaration of Clement Erhardt ("Erhardt Decl.") ¶ 2).)[2] It sells products through a network of independent distributors, known within Market America as Independent UnFranchise Owners ("Distributors"). (Wallace Decl. ¶ 2.) Both Market America and its co-defendant and parent company Market America Worldwide, Inc. are North Carolina corporations headquartered in Greensboro, North Carolina. (*Id*.)

### A. This Action is a Rehash of the CD Cal. Action.

This action was filed on March 8, 2019, over 21 months after the filing of the CD Cal. Action (and 19 months after the filing of the amended complaint in the C.D. Cal. Action). (*See* RJN, Ex. A.)

As noted above, all three of the plaintiffs in the CD Cal Action are plaintiffs in this action. (*Compare* RJN, Ex. A (the "CD Cal. Complaint"), at ¶¶ 9-11 *with* the Complaint in this action (Dkt No. 1 (the "ND Cal. Complaint"), at ¶¶ 23-25).) All are represented by the same counsel. (*See id*.)

The five defendants in the CD Cal. Action (*see* CD Cal. Complaint ¶¶ 12-16) are also defendants in this action. (ND Cal. Complaint ¶¶ 26, 28, 30-32.) While the Complaint in this action also names 42 other defendants (*id*. at ¶¶ 29, 33-73), the ND Cal. Complaint provides no individual allegations regarding those 42 additional defendants, apart from stating generally with regard to each that he or she "is at or near the top of the pyramid operated and promoted by the Defendants,

---

[2] The Declaration of Pressly M. Millen is only submitted in support of Defendants' motion to transfer and the motion to stay pending arbitration. Thus, to the extent the Court believes that the motion to dismiss is brought under Rule 12(b)(6), as opposed to under Rule 12(b)(1) or the Court's discretionary function to administer cases under the First-to-File Rule, the Court may still consider these declarations for the motion to transfer and motion to stay pending arbitration.

and [s/h]e actively participates in, promotes, and profits from Market America's [*sic*] pyramid scheme." (*See, e.g., id.* at ¶¶ 33-73.) In both the CD Cal. Complaint and the ND Cal. Complaint, the allegations regarding the class and sub-class sought to be represented by plaintiffs are identical. (*Compare* CD Cal. Complaint ¶¶ 93-94 *with* ND Cal. Complaint ¶¶ 157-58.)

Of the seven "counts" asserted in the ND Cal. Complaint, six[3]—all but Count VII, a claim under the California Seller Assisted Marketing Plan Act—were asserted in the CD Cal. Action filed in 2017. (*See* CD Cal. Complaint, *passim*.) Apart from a handful of additional introductory paragraphs (*see* ND Cal. Complaint ¶¶ 8-18) and the paragraphs containing conclusory allegations concerning the 42 additional defendants (*id.* at ¶¶ 29, 33-73), the factual allegations of the two complaints are virtually identical. (*See* CD Cal. Complaint, *passim*.)

In essence, the Plaintiffs here are seeking in 2019 to maintain a near-carbon copy of the action that three of five of them filed on behalf of an identical putative class in the Central District of California in 2017.

## B. All Market America Distributors, Including Plaintiffs, Agreed to Arbitration in North Carolina.

Since 1992, Market America has required all Distributors to sign an agreement with Market America, (now known as the "Independent UnFranchise

---

[3] Those six are: (1) Endless Chain Scheme (CD Cal. Complaint ¶¶ 97-105 & ND Cal. Complaint ¶¶ 171-79); (2) Unfair and Deceptive Practices Claims under Cal. Bus. & Prof. Code § 17200, *et seq*. (CD Cal. Complaint ¶¶ 106-37 & ND Cal. Complaint ¶¶ 180-212); (3) False Advertising – California Business and Professions Code § 17500, *et seq*. (CD Cal. Complaint ¶¶ 138-47 & ND Cal. Complaint ¶¶ 213-22); (4) RICO 18 U.S.C. § 1962(a) (CD Cal. Complaint ¶¶ 148-77 & ND Cal. Complaint ¶¶ 223-56); (5) RICO 18 U.S.C. § 1962(c) (CD Cal. Complaint ¶¶ 178-81 & ND Cal. Complaint ¶¶ 257-60); and (6) RICO 18 U.S.C. § 1962(d) (CD Cal. Complaint ¶¶ 182-85 & ND Cal. Complaint ¶¶ 261-65). The CD Cal. Complaint contains two claims – for judgment declaring the parties' arbitration provision unenforceable (CD Cal. Complaint ¶¶ 107-11) and federal securities fraud (*id.* at ¶¶ 186-97) – not included in this action.

Application and Agreement," and referred to herein as the "Agreement"). (Erhardt Decl. ¶¶ 4-5, 7.) The Agreement serves as the key from which Market America enters a Distributor's personal information into its system. (*Id.* ¶ 7.) Without an Agreement and the requisite personal information that accompanies the Agreement, Market America would have no record of a Distributor's activities nor would the Distributor's information be in Market America's system. (*Id.*)

The Agreement sets out the general, high-level terms between Market America and the Distributors. (Erhardt Decl. ¶ 6.) Some of the terms, for example, directly relate to Federal regulatory requirements, such as the company's mandate that Distributor compensation be based on retail sales. (*Id.*) Other provisions designate Distributors as independent contractors and explain the tax consequences of that status. (*Id.*) The Agreement has a one-year term and must be renewed each year. (*Id.* ¶ 5.) Both parties have the right to terminate the Agreement with 30-days notice, (Wallace Decl. ¶ 10), and Market America has the discretion to modify the Agreement's terms as long as it provides notice to the Distributors, (*id.* ¶ 11).

The Agreement includes a choice of law provision designating North Carolina law, (Wallace Decl. ¶ 12), and, most importantly for this motion, the following forum selection and arbitration clause:

> <u>Arbitration.</u> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall ultimately be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules and judgment on the award rendered by the arbitrators may be entered in a court of competent jurisdiction. You understand that this arbitration provision means you are giving up the right to have any dispute you have regarding this Agreement heard by a jury and determined in a court of law. The arbitration shall be heard by one arbitrator, and it shall take place in Greensboro, North Carolina. Either party may seek emergency or provisional relief in the General Court of Justice, Guilford County, North Carolina, prior to invoking the arbitration remedy.

(*Id.* ¶ 13 (the "Arbitration Provision").)

Distributors can sign up with Market America online or in paper form. (Erhardt Decl. ¶ 5.) To sign up online, a Distributor has to fill out their personal information before being presented with a copy of the Agreement. (Wallace Decl. ¶ 8.) Before the Distributor can submit the Agreement, the Distributor must click a box indicating that they agree to the Agreement's Terms and Conditions. (*Id.*) The Terms and Conditions are not in a hyperlink; rather, they are presented on the same page as the checkbox and include the Arbitration Provision. (*Id.* ¶ 8.) Similarly, if a Distributor signs up using a paper form, the Terms and Conditions—including the Arbitration Provision—are listed on the back of the Agreement and the Distributor must sign the form acknowledging that he or she agrees to the terms. (Erhardt Decl. ¶ 5.)

In her Opinion and Order compelling the CD Cal. Action to arbitration, the judge in North Carolina determined that the three plaintiffs in that case had assented to the Distributor Agreement containing the Arbitration Provision. (RJN, Ex. G, at 11-15.) And, as stated in the Erhardt Decl. (at ¶¶ 4-5, 7), there is no way to become a Market America Distributor without agreeing to that provision. Thus, the two additional plaintiffs in this case would have agreed to that provision as well.

### III. ARGUMENT

#### A. This Action Should be Dismissed under the "First-to-File" Rule.

The "first-to-file rule is 'a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" *Microchip Technology, Inc. v. United Module Corp.*, No. 10-cv-04241-LHK, 2011 WL 2669627, at *3 (N.D. Cal. Jul. 7, 2011) (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)). The rule is intended to "promote[] judicial efficiency and prevent[] the risk of inconsistent decisions that would arise from multiple litigations of identical claims," *id*. (internal quotations

omitted). In the words of the Ninth Circuit, it "should not be disregarded lightly." *Alltrade Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir.1979)). The Rule embodies the doctrine that "[i]n the federal court system, 'the general principle is to avoid duplicative litigation.'" *Melvin v. United States*, No. 16-cv-800-AG, 2016 WL 3125703, at *1 (C.D. Cal. May 31, 2016) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Indeed, as the Supreme Court ruled in *Colorado River*, the "circumstances permitting a federal court to defer to another federal court are broader than the circumstances justifying federal court deferral to a state proceeding." *Colorado River*, 424 U.S. at 817.

Application of the Rule, moreover, leaves "an ample degree of discretion appropriate for disciplined and experienced judges." *Pacesetter Sys.*, 678 F.2d at 95 (citing *Kerotest Manf'g Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952)).

As this Court has held, the "application of the first-to-file rule requires consideration of three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Microchip Technology*, 2011 WL 2669627, at *3 (citing *Alltrade*, 946 F.2d at 625). With respect to the latter two factors, "exact identity" is not a requirement. *See id.* at *3-4. Here, all three factors counsel strongly in favor of application of the Rule.

With regard to chronology, as noted above, the C.D. Cal. Action was filed on May 30, 2017, over 21 months before the filing of this action.

All three of the plaintiffs in the CD Cal. Action are plaintiffs in this action, and even more pertinently, the class that Plaintiffs seek to represent in this action is identical to the class alleged in the CD Cal. Action. (*Compare* CD Cal. Complaint, ¶¶ 93-94 *with* ND Cal. Complaint ¶¶ 157-58.) In considering this issue, "the majority of district courts in the Ninth Circuit that have applied the first-to-file rule

in the context of a class action have compared the putative class rather than the named plaintiffs." *Pedro v. Millennium Products, Inc.*, No. 15-cv-05253-MMC, 2016 WL 3029681, at *3 (N.D. Cal. May 27, 2016) (collecting cases); *see also Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.Supp.2d 1289, 1295 (N.D. Cal. 2013).

In addition, the five defendants in the CD Cal. Action are also defendants in this action. (*See* CD Cal. Complaint at ¶¶ 12-16 and ND Cal. Complaint at ¶¶ 26, 28, 30-32.) In any event, the addition of new defendants, particularly when they are "closely related" to the duplicative defendants, is no bar to application of the rule. *See Prime Healthcare Services, Inc. v. Service Employees Int'l Union*, No. 14-cv-3831-YGR, 2014 WL 5422631, at *3 (N.D. Cal. Oct. 24, 2014).

The issues, too, are largely the same with six of the claims in the CD Cal. Action asserted in this action. (*See* n.1, *supra*.)

Although transfer to the forum of the first-filed case is appropriate in many circumstances (*see* pp. 8-11, *infra*), the circumstances here make it appropriate for the Court to use its discretion to dismiss. First, unlike a more typical case, *e.g.*, *Microchip Technology, Inc.*, 2011 WL 2669627, at *1-2, this case does not concern the adverse parties filing competing actions against one another in different forums, but the *same plaintiffs* filing duplicative actions in different forums against the *same defendants* on the *same claims*.

Thus, for example, in *Melvin, supra*, 2016 WL 3125703, after first noting that a "federal district court has discretion to dismiss, stay, or transfer a case to another district court under the first-to-file rule," the court determined that the acts undertaken by plaintiff "favor[] dismissal." *Id*. at *2. In the court's words, "initiation of identical . . . actions in two different districts is wholly antithetical to principles of judicial economy." *Id*. And, "[b]y filing two separate yet identical actions, Melvin will cause an unnecessary duplication of effort by two federal courts and their personnel and a waste of scarce judicial resources." *Id*. In

determining to dismiss the second-filed action, the court held that "[t]here is no legitimate reason for Melvin to raise his present claims, and to require two federal courts to address them, twice in separate cases." *Id.*; *see also Audio Enter't Network, Inc. v. American Tel. & Tel. Co.*, 205 F.3d 1350 (9th Cir. 1999) (affirming dismissal of action by district court in circumstances where a company owned by plaintiff had filed an earlier action in a different district).

**B.     Alternatively, this Action Should be Transferred.**

    **1.     Transfer is Appropriate Under the First-to-File Rule.**

As this Court has previously ruled, a court may transfer an action based on the first-to-file Rule "rather than transferring . . . based on the [28 U.S.C. §] 1404 reasons of convenience to the parties and witnesses." *Microchip Technology, Inc.*, *supra*, 2011 WL 2669627, at *7. In other words, "[c]ourts in later-filed actions treat analysis of transfer on the basis of the first to file rule separately from analysis of transfer based on 1404 convenience factors." *Id*. That is because, at least in part, "a transfer would better serve the first-to-file doctrine's objectives of efficiency and avoiding inconsistent judgments." *Pedro*, *supra*, 2016 WL 3029681, at *6. Indeed, a court grappling with application of the first-to-file rule may even transfer an action on its own motion. *Red v. Unilever United States, Inc.*, No. 09-cv-07855-MMM, 2010 WL 11515197, at *7 (C.D. Cal. Jan. 25, 2010) ("Having raised the issue, the parties cannot now limit the options available to the court if it agrees that the first-to-file rule applies").

Thus, if dismissal is not deemed appropriate, the most appropriate course would be to transfer this action to the Middle District of North Carolina, the district to which Judge Wu has indicated that the first-filed CD Cal. Action will be transferred. (*See* RJN, Ex. H.)

    **2.     Transfer is also Appropriate Based on the Parties' Agreement.**

Putting aside the first-to-file Rule, this Court may also transfer this action to the Middle District of North Carolina based on the parties agreement as Judge Wu has indicated he will do with respect to the CD Cal. Action. (RJN, Ex. H.)

As this Court is well aware, the Federal Arbitration Act (FAA) governs arbitration provisions in agreements—like the Agreement here—that affect interstate commerce. *Allied Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995). The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). This goal reflects a "liberal federal policy favoring arbitration." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). "Any doubts about the scope of arbitrable issues, including applicable contract defenses, are to be resolved in favor of arbitration." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1022 (9th Cir. 2016).

Because arbitration clauses are "in effect, a specialized kind of forum-selection clause," *Scherk v. Alberto-Culver Co.*, 417 U.S. 506 (1974), the United States Supreme Court's decision in *Atlantic Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013) ("*Atlantic Marine*"), controls the transfer of venue analysis and requires the Court to transfer venue to the Middle District of North Carolina.

The Supreme Court has explained that a party may enforce a forum selection clause through a motion to transfer pursuant to 28 U.S.C. § 1404(a), but the court must give "controlling weight" to forum selection clauses "in all but the most exceptional cases." *Atlantic Marine*, 571 U.S. at 62. The *Atlantic Marine* Court therefore adopted a modified analysis that applies in the context of a motion to transfer premised on a forum-selection clause. The analysis has the following three

features: (1) "plaintiff's choice of forum merits no weight" because "when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises," *id.* at 62-64; (2) a district may only consider "public-interest factors" rather than the traditional private-interest factors such as the convenience of the forum for Plaintiffs or their witnesses, *id.* at 64; and (3) transfer of venue will not carry with it the original venue's choice-of-law rules, *id.*

The relevant public-interest factors include administrative difficulties flowing from court congestion, the interest of the local court in deciding local controversies at home, and the interest in trying a diversity case in a court that is at home with the law. *Atlantic Marine*, 571 U.S. at 62 & n. 6. "As the party acting in violation of the forum-selection clause, [Plaintiffs] must bear the burden of showing that public-interest factors **overwhelmingly** disfavor a transfer." *Id.* at 67 (emphasis added); *see also Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) ("Forum selection clauses are prima facie valid, and are enforceable absent a strong showing by the party opposing the clause 'that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." (quoting *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972), brackets in original)).

Here, as explained fully above, Plaintiffs agreed to arbitrate in Greensboro, North Carolina. (Wallace Decl. ¶ 13.) Since *Atlantic Marine*, courts in this district have granted motions to transfer to another federal district court based on nearly similar provisions and under similar circumstances. *See, e.g., Knepper v. Ogletree, Deakins, Nash, Smoak & Steward, P.C.*, No. 18-cv-00303-WHO, 2019 WL 144585, at *8-9 (N.D. Cal. Jan. 9, 2019) (granting motion to transfer venue to the Central District of California based on a forum selection clause in an agreement to arbitrate); *Ponomarenko v. Shapiro*, 287 F.Supp.3d 816, 833-34 (N.D. Cal. 2018)

11

(granting motion to transfer venue to the District of Nevada based on a forum selection clause and noting that under *Atlantic Marine* the "multifactor private-public interest changes dramatically").

Furthermore, public interest factors weigh in favor of transferring this matter to the Middle District of North Carolina. Among other things, the Middle District of North Carolina has an interest in this matter because both corporate defendants are North Carolina corporations headquartered in that district and soon all three of the other related cases will be lodged in that court. In addition, because the Agreement is governed by North Carolina law, (Wallace Decl. ¶ 12), the Middle District of North Carolina will be more familiar with that law than this Court.

Because the Plaintiffs' private interests, including its convenience and its choice of forum, bear no weight on this question, and the public interest factors favor transfer to the Middle District of North Carolina, this Court should transfer the matter to the Middle District of North Carolina if it is not dismissed altogether.

## C. In the Alternative, the Court Should Stay Proceedings Pending the Conclusion of Arbitration Proceedings.

In the event that this Court determines not to transfer this action to the Middle District of North Carolina, the FAA empowers this Court to stay proceedings until the parties have conducted arbitration proceedings. Here, the North Carolina court has already determined that the dispute reflected in the CD Cal. Action "should proceed to arbitration." (Millen Decl., Ex. G, at 25.) The same is equally true of this nearly identical action. *See* 9 U.S.C. § 3; *see also Pacific States Industries Incorporated v. American Zurich Insurance Company*, No. 18-cv-04064-LHK, 2018 WL 6106383 at *7-8 (N.D. Cal. Nov. 21, 2018) (staying case because the court found that the claims were arbitrable).

# IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss this action. Alternatively, Defendants request that the Court transfer this action to the Middle District of North Carolina, or stay proceedings pending the completion of arbitration proceedings.

Dated: May 6, 2019

WOMBLE BOND DICKINSON (US) LLP

BUCHALTER
A Professional Corporation

*/s/ Lawrence B. Steinberg*
　　LAWRENCE B. STEINBERG

*Attorneys for Defendants Market America, Inc., Market America Worldwide, Inc., Shop Ma, Inc., James Howard Ridinger, Loren Ridinger, Marc Ashley, Marty Weissman, Dennis Franks, Joe Bolyard, Anthony Akers, Eddy Alberty, Steve Ashley, Michael Brady, Kevin Buckman, Peter Gold, Vince Hunt, Chris Peddycord, Brandi Quinn, Sam Ritchie, Eugene Wallace, and Jim Winkler*

13
DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY PENDING ARBITRATION